IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANICE CHRISTOPHE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:18-cv-00287 |
| | § | |
| TEXAS HEALTH AND HUMAN SERVICES COMMISSION, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

1. Plaintiff Janice Christophe hereby files her Original Complaint against Defendant Texas Health and Human Services Commission on account of violations of the Equal Pay Act of 1963. Plaintiff Christophe supports her claims through the following allegations and demands:

## I. JURISDICTION AND VENUE

2. This action arises under 29 U.S.C. §§201, et seq.

3. This court has jurisdiction over actions under the Equal Pay Act of 1963, pursuant to 29 U.S.C. § 216(b).

4. The subject matter is within the jurisdiction of this court. All parties are subject to this court's personal jurisdiction.

## II. PARTIES

5. Plaintiff JANICE CHRISTOPHE ("Christophe") is an individual residing in Travis County, Texas.

6.     Defendant TEXAS HEALTH AND HUMAN SERVICES COMMISSION ("HHS") is a governmental agency of the state of Texas. HHS can be served with citation by serving its Executive Commissioner, Charles Smith, at the Brown-Heatly Building, 4900 N. Lamar Blvd., Austin, TX 78751-2316. Throughout the events on which this suit is brought, HHS was an "employer" as to Christophe for purposes of application of the Equal Pay Act of 1963.

### III. STATEMENT OF FACTS

7.     Christophe is currently employed by HHS both in the position of a Nurse IV in the Office of the Inspector General ("OIG"). HHS hired Christophe in July 2010 at an annual salary rate of $ 54,703.92. Christophe is currently paid at an annual salary rate of $ 57,820.20.

8.     Christophe obtained her Registered Nurse license from the state of Texas in October 2005.

9.     In Christophe's department within the OIG - Utilization Review Unit ("OIG-URU"), Christophe works with a few other Nurse IV employees, one of whom is male, with the others being female.

10.    All of the Nurse IVs in the OIG-URU perform substantially equal work on jobs requiring substantially equal skill, effort, and responsibility.

11.    Upon information and belief, among the Nurse IVs in the OIG-URU, all of the female Nurse IVs are currently paid at a rate of $66,000 per year or less.

12.    As of April 2017, the annual salary rates of the three female Nurse IVs were as follows:

> Tovar - $56,564 (hired in August 2015 at $53,502 annually)
> Duncan - $64,918 (hired in May 2014 at $59,136 annually)
> Christophe - $ 57,820.20 (hired in July 2010 at $ 54,703.92 annually)

13. Since that time, HHS has increased the salaries of Duncan and Tovar to no higher than $66,000.

14. Furthermore, at the time the male comparator was hired, another female Nurse IV in the OIG-URU with initials M.P.[1] was being paid at, or less than, an annual rate of $56,564. She has since left the agency.

15. The one male Nurse IV, N.T., was hired in June 2015 at a rate of $74,400 annually. As of April 2017, HHS was paying N.T. an annual salary of $76,260.

16. N.T.'s work compared to that of his female co-worker Nurse IVs involves substantially equal work requiring substantially equal skill, effort and responsibility.

17. N.T. only obtained his nursing license in 2012, which was preceded by only around three years as a licensed vocational nurse.

18. N.T.'s Nurse IV co-workers each have more professional nursing experience than N.T.

19. In 2010, Linda Carlson and Judy Knobloch interviewed Christophe for the Nurse IV position.

20. After Christophe's interview, Carlson called Christophe and offered her the Nurse IV position at a salary rate that was less than what Christophe was making at her then-current position at Texas Medicaid & Healthcare Partnership ("THMP"). Christophe asked for a salary rate that was at least what she was making at TMHP. Carlson declined to increase the offer. Christophe declined the offer.

21. A few days later, Christophe contacted Carlson again and asked her if the opening was still available, and if HHS would increase the offer. Carlson said the position was open, but that HHS would not increase the original offer. Because of immediate circumstances in her then-current position, Christophe went ahead and accepted the offer.

---

[1] To assist with maintaining a reasonable degree of privacy for the male comparator as well as a retired female Nurse IV in this public filing, Christophe is only using his initials, N.T., and her initials, M.P., in this pleading. However, Christophe is using the names of her female co-workers Duncan and Tovar, as those individuals already have a pending suit against HHS for the same issues being raised by Christophe in this suit.

## IV. CAUSE OF ACTION 1 – VIOLATION OF 29 U.S.C. § 206(d)
### (Wage Discrimination Based on Sex)

22.  Considering the facts alleged above, Defendant HHS has violated Plaintiff's rights under 29 U.S.C. § 206(d), which prohibits wage discrimination based on sex. In this case, HHS has paid the male, N.T., at a much higher salary rate for substantially equal work requiring equal skill, effort and responsibility. Christophe is entitled to the differential between N.T.'s compensation and her compensation, including the monetary value of any greater employment benefits that N.T. obtained as a result of the higher level of salary. Christophe is further entitled to an increase of her salary to the level of the male comparator. Christophe is also entitled to attorney fees, costs and pre- and post-judgment interest at the highest rates allowed by law.

## V. JURY DEMAND

23.  Plaintiff Christophe hereby demands a jury.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Christophe requests that the Court assume jurisdiction of this cause and that Defendant HHS be cited to appear; the Court award damages to Christophe as specified above, including liquidated damages; the Court award a reasonable attorney's fee, expert fees and costs; the Court award Christophe pre- and post-judgment interest at the highest rates allowed; the Court award equitable relief, as permitted and/or required by the Equal Pay Act, including requiring that the applicable pay rates be increased to conform to the pay rate of the male employee; and, the Court award any such other relief as the Court may find proper and to which Christophe may be entitled.

Respectfully submitted,



5

**Kerry V. O'Brien**
Texas Bar No. 24038469
Board Certified in Labor & Employment Law by the TBLS



1011 Westlake Drive
Austin, Texas 78746
email: ko@obrienlawpc.com
phone: (512) 410-1960
fax: (512) 410-6171

COUNSEL FOR PLAINTIFF